**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LEROY SPENCER, | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| LIFE INSURANCE COMPANY | : | |
| OF NORTH AMERICA, | : | |
| | : | |
| Defendant | : | (Electronically Filed) |

**COMPLAINT**

**AND NOW**, comes Plaintiff, Leroy Spencer, by and through his attorney, Bruce J. Phillips,

Esquire, and files this, his Complaint, against Defendant, Life Insurance Company of North

America, and in support thereof avers as follows:

**PARTIES**

1.      That, Plaintiff, Leroy Spencer, is an adult individual and resides at 17 School Street,

Harveys Lake Borough, Luzerne County, Pennsylvania 18618.

2.      That, Defendant, Life Insurance Company of North America, is an insurance

company trading and doing business within the Commonwealth of Pennsylvania and has as its

principal address CIGNA Group Insurance, P.O. Box 29221, Phoenix, Maricopa County, Arizona

85038-9221.

**JURISDICTION**

3.      That, this Court has original jurisdiction over this action by reason that it arises under

the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §1001-1461, which covers employee welfare plans such as the plan established by The Shaw Group, Inc. and which permits participants to bring an action in Federal Court for recovery of plan benefits.  29 U.S.C. §1132(a)(1)(B).

4.      That, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000.00.


**LEROY SPENCER**
**v.**
**LIFE INSURANCE COMPANY OF NORTH AMERICA**

5.      That, Plaintiff incorporates herein by reference Paragraphs 1 through 4 hereof as if the same were set forth fully at length herein.

6.      That, at all times relevant hereto, Plaintiff was employed by The Shaw Group, Inc. as a Safety Engineer.

7.      That, The Shaw Group, Inc., pursuant to the authority and provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001-1461, established and maintained a long term disability plan, hereinafter referred to as the "Insurance Plan".

8.      That, the Insurance Plan was administered directly by The Shaw Group, Inc., with benefits provided in accordance with the provisions of the group insurance contract, VDT0980078, issued by Life Insurance Company of North America.

9.      That, pursuant to the express terms and conditions of the Insurance Plan providing coverage for Plaintiff, there is to be provided Long Term Disability Benefits to Plaintiff.

10.     That, Plaintiff made application for Long Term Disability Benefits.

11.     That, Life Insurance Company of North America made payments to Plaintiff of Long Term Disability Benefits from July 6, 2013, up to and including July 5, 2015, at which time Life Insurance Company of North America ceased making payment to Plaintiff of Long Term Disability Benefits.

12.     That, by correspondence, dated June 18, 2015, from Donna, Senior Claim Manager

for CIGNA Group Insurance, Plaintiff was notified that:

> This letter is regarding your Long Term Disability (LTD) claim.  In our letter dated January 6, 2015, we advised you that we were conducting an evaluation to determine your eligibility for benefits beyond July 6, 2015 which is when your policy's definition of disability changes.
>
> We have completed our review and determined that you no longer remain disabled as defined by your policy.
>
> . . .
>
> At this time, you no longer meet the definition of Disability stated above and your claim has been closed.  Payments have been made through July 6, 2015 and no further benefits are due.

A copy of the correspondence, dated June 18, 2015, is attached hereto, made a part hereof, and

labeled Exhibit "A".

13.     That, Plaintiff appealed the decision, dated June 18, 2015.

14.     That, by correspondence, dated October 20, 2015, from Medha, Appeal Specialist

for CIGNA, Plaintiff was notified that:

> After completing our review of your claim, we must affirm our prior decision dated June 18, 2015 to deny your claim.

A copy of the correspondence, dated October 20, 2015, is attached hereto, made a part hereof, and

labeled Exhibit "B".

15.     That, Plaintiff appealed the decision, dated October 20, 2015.

16.     That, by correspondence, dated October 18, 2016, from Brandon, Appeal Specialist

for CIGNA, Plaintiff was notified that:

> After completing our review of your client's claim, we must uphold our prior decision to deny his claim.

A copy of the correspondence, dated October 18, 2016, is attached hereto, made a part hereof, and

labeled Exhibit "C".

17.     That, from the time of July 6, 2015, to the present, Plaintiff has continued to be totally

and permanently disabled.

18.     That, the total, permanent disability of Plaintiff is expressly covered pursuant to the express terms and conditions of the Insurance Plan.

19.     That, Plaintiff was diagnosed as being totally, permanently disabled by his physician, Neurosurgeon, G. Timothy Reiter, M.D., of which fact Life Insurance Company of North America has been fully aware from the time of July 6, 2015, up to and including the time of the present.

20.     That, despite the fact that Plaintiff was diagnosed as being totally, permanently disabled by his physician, Neurosurgeon, G. Timothy Reiter, M.D., Life Insurance Company of North America has continued to refuse to make payment of Long Term Disability Benefits to Plaintiff.

21.     That, Plaintiff has demanded payment of the outstanding Long Term Disability Benefits from the time of July 6, 2015, to the time of the present, and continuing into the future, for which payments Life Insurance Company of North America remains obligated to Plaintiff.

22.     That, despite repeated demands on the part of Plaintiff for the payment of the Long Term Disability Benefits due and owing to Plaintiff from the time of July 6, 2015, to the present, and continuing into the future, Life Insurance Company of North America has failed and refused to pay same.

23.     That, the actions of Life Insurance Company of North America in refusing to pay Long Term Disability Benefits to Plaintiff, which it knew, or should have known, were covered pursuant to the express terms and conditions of the Insurance Plan, entitle Plaintiff to additional damages, including, but not limited to, interest on the Long Term Disability Benefits due Plaintiff from the time of July 6, 2015, to the present, and continuing into the future, until such Long Term Disability Benefits are paid to Plaintiff.

24.     That, the actions of the Life Insurance Company of North America in refusing to pay Long Term Disability Benefits to Plaintiff, which it knew, or should have known, were covered pursuant to the express terms and conditions of the Insurance Plan, entitle Plaintiff to additional damages, including, but not limited to, reasonable attorney's fees.

25.     That, the actions of Life Insurance Company of North America in refusing to pay Long Term Disability Benefits to Plaintiff, which it knew, or should have known, were covered pursuant to the express terms and conditions of the Insurance Plan, entitle Plaintiff to additional damages, including, but not limited to, recovery of all costs expended in prosecution of this action.

26.     That, Plaintiff has exhausted his administrative remedies in accordance with the terms and conditions of the Insurance Plan.

**WHEREFORE**, Plaintiff, Leroy Spencer, prays this Honorable Court to enter an Order in favor of Plaintiff and against Defendant, Life Insurance Company of North America, as follows:

a.      For payment of Long Term Disability Benefits due and owing to Plaintiff from the time of July 6, 2015, to the present, and continuing into the future;

b.      For payment of interest on the Long Term Disability Benefits due and owing to Plaintiff from the time of July 6, 2015, to the present, and continuing into the future, until such Long Term Disability Benefits are paid to Plaintiff;

c.      For reasonable attorney's fees and costs; and

d.      For such other relief as the Court deems appropriate and just.

Respectfully submitted,
/s/ BRUCE J. PHILLIPS, ESQUIRE
Supreme Court ID PA37115

Wetzel, Phillips, Rodgers & Falcone
Suite 1, Fox Ridge Professional Center
1170 Highway 315
Plains, PA 18702
570-823-0101
570-825-7799 - Fax
FreeScot7@aol.com

Attorney for Plaintiff,
LEROY SPENCER

**EXHIBIT "A"**

Donna
Cigna
PO Box 29221
Phoenix, AZ 85038-9221

Phone 800.352.0611 ext.5633
Fax 866.472.3221

www.mycigna.com



LEROY SPENCER
333 MAPLE AVENUE
NEW MARTINSVILLE, WV 26155

June 18, 2015

| | |
|---|---|
| **Name:** | LEROY SPENCER |
| **Incident Number:** | 2862792-01 |
| **Policy Number:** | VDT-0980079 |
| **Policy Name:** | The Shaw Group, Inc. |
| **Underwriting Company:** | Life Insurance Co of North America |



Dear Mr SPENCER:

This letter is regarding your Long Term Disability (LTD) claim. In our letter dated January 6, 2015, we advised you that we were conducting an evaluation to determine your eligibility for benefits beyond July 6, 2015 which is when your policy's definition of disability changes.

We have completed our review and determined that you no longer remain disabled as defined by your policy. According to your employer's disability policy:

Definition of Disability/Disabled:
*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1. unable to perform the material duties of his or her Regular Occupation; and*
*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
*2. unable to earn 80% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*

Termination of Disability Benefits:

"Cigna" and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Connecticut General Life Insurance Company and Cigna Life Insurance Company of New York, and not by Cigna Corporation.

June 18, 2015
Page 2

Our review of the information on file specifically included:

-- Independent Medical Evaluation (IME) and Physical Ability Assessment (PAA) completed June 1, 2015 by Sushil Sethi, MD, MPH, FACS.

Based on the above information, it was determined that you are capable of performing work with the following restrictions and limitations:

-- Occasionally lifting/carrying 100+ pounds.
-- Frequently lifting/carrying 100 pounds, balancing, stooping, kneeling, crouching, and crawling.
-- Constantly sitting, standing, walking, reaching all levels, fine manipulation, simple/firm grasp, lifting/ carrying 50 pounds, pushing/pulling 100 pounds, climbing stairs/ladders, seeing, and hearing.

In addition, we determined that you are capable of performing work consisting of the following skills and abilities:

-- Knowing and applying knowledge of properties of materials and principles of mathematics and engineering to the problem under consideration.
-- Forming mental images of objects or structures.
-- Rendering drawings, designs, and layouts of items.
-- Dealing with various kinds of people to explain technical ideas or facilitate purchase of engineering products or services.
-- Evaluating product qualities.

We then referred your claim to our vocational department for review for a Transferable Skills Analysis (TSA). They considered your work capacity, restrictions and limitations, along with your education and employment history, to determine occupations that you would be able to perform based on your current work experience.

This review confirmed that you would be able to perform the following occupations:

-- Safety Engineer*, Dictionary of Occupational Title (DOT) Code 012.061-014, light physical demand level occupation. Please be advised this occupation is your own occupation.
-- Safety Manager, DOT Code 012.167-058, sedentary physical demand level occupation.

The above-identified occupations are compatible with your work capacity. Additionally, all of the jobs listed above satisfy the earnings requirement for your Indexed Covered Earnings under the policy.

A Transferable Skills Analysis was completed using the above noted information. Occupations were identified based on the June 11, 2015 Independent Medical Evaluation and Physical Ability Assessment completed by Dr. Sushil Sethi that meet your skills, education attainment, work history, age, wage requirement and station in life.

At this time, you no longer meet the definition of Disability stated above and your claim has been closed. Payments have been made through July 6, 2015 and no further benefits are due.

<u>How Was Your Social Security Award Considered in the Claim Decision?</u>

June 18, 2015
Page 3

We are aware that you have been awarded Social Security Disability Insurance (SSDI) benefits by the Social Security Administration (SSA), and have considered that fact in our claim review. The criteria used by the Social Security Administration (SSA) may differ from the requirements of the policy under which you are covered. We have confirmed that there is no new information in your SSA file. Under your Employer's LTD policy, consideration is given to your supported restrictions and limitations, along with your work experience, training and education. Based on this consideration, we have determined that you have transferable skills to other occupations.

What If You Don't Agree With The Claim Decision?

If you disagree with our determination and wish to have it reviewed, please follow the steps described below.

Based on the information provided by your Employer, your claim is governed by the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA). ERISA requires that you go through the Company's administrative appeal review process prior to pursuing any legal action challenging our claim determination.

Here's how to submit your administrative appeal review request:

-- Submit your appeal letter to us no earlier than July 6, 2015 and within 180 days of that date.
-- Your appeal letter should be sent to the Life Insurance Company of North America representative signing this letter to the address noted on the letterhead.
-- Your appeal letter may include written comments as well as any new information you may have.
-- You may also submit additional information. Additional information may include, but is not limited to: medical records from your doctor and/or hospital, test result reports, therapy notes, etc. These medical records should cover the period of July 6, 2015 and beyond.

In addition, you may also wish to have your treating provider(s) submit some or all of the following information:

-- Copies of any diagnostic test results which document the severity of your condition to the extent that you are unable to perform the duties of any occupation (i.e. Magnetic resonance imaging (MRI), and X-rays). Please include copies of any recent test results performed (in the last 6 months).
-- Specific, documented limitations or restrictions that preclude you from performing the duties of any occupation.
-- A discussion by your treating physician(s) of the medical evidence which prevents you from performing the duties of any occupation. What are the current data sources used to make these determinations?
-- A discussion by your treating physician(s) describing your current and future treatment plan(s). What are the problems of treatment? What are the treatment goals? What are the treatment strategies for each goal? How does the treatment plan address you returning to work?

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal.

June 18, 2015
Page 4

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to us. We will be pleased to review any information you may wish to submit.

Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits.

Please contact our office at 800.352.0611 should you have any questions.

Sincerely,

*Donna*

Donna
Senior Claim Manager

**EXHIBIT "B"**

*Medha*
*Cigna*
PO Box 29221
Phoenix, AZ 85038-9221

Phone 800.352.0611 ext.8634821
Fax 866.472.3221

www.mycigna.com



LEROY SPENCER
17 School Street
Harveys Lake, PA 18618

October 20, 2015

| | |
|---|---|
| **Name:** | Leroy Spencer |
| **Incident Number:** | 2862792-01 |
| **Policy Number:** | VDT-0980079 |
| **Policy Name:** | The Shaw Group, Inc. |
| **Underwriting Company:** | Life Insurance Co of North America |

Dear Mr Spencer:

**This letter is about your appeal for your Long Term Disability (LTD) benefits under the above mentioned policy. We have separated this letter into subject headings for your ease of reference.**

**What is the Outcome of the Appeal Review?**

After completing our review of your claim, we must affirm our prior decision dated June 18, 2015 to deny your claim.

**What Provisions of the Disability Policy Apply to the Decision on Your Claim?**

According to your Employer's policy.
*Definition of Disability/Disabled*
*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
1. *unable to perform the material duties of his or her Regular Occupation; and*
2. *unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*



*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
1. *unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
2. *unable to earn 80% or more of his or her Indexed Earnings.*

"Cigna" and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Connecticut General Life Insurance Company and Cigna Life Insurance Company of New York, and not by Cigna Corporation.

October 20, 2015
Page 2

*The Insurance Company will require proof of earnings and continued Disability."*

*Disability Benefits*
*"The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. The Employee must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance Company, at his or her own expense, satisfactory proof of Disability before benefits will be paid. The Disability Benefit is shown in the Schedule of Benefits.*

*The Insurance Company will require continued proof of the Employee's Disability for benefits to continue."*

*Termination of Disability Benefits*
*"Benefits will end on the earliest of the following dates:*

1   *the date the Employee earns from any occupation, more than the percentage of Indexed Earnings set forth in the definition of Disability applicable to him or her at that time;*
2   *the date the Insurance Company determines he or she is not Disabled;*
3   *the end of the Maximum Benefit Period;*
4   *the date the Employee dies;*
5   *the date the Employee refuses, without Good Cause, to fully cooperate in all required phases of the Rehabilitation Plan and assessment;*
6   *the date the Employee is no longer receiving Appropriate Care;*
7   *the date the Employee fails to cooperate with the Insurance Company in the administration of the claim. Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due.*

*Benefits may be resumed if the Employee begins to cooperate fully in the Rehabilitation Plan within 30 days of the date benefits terminated."*

### What Information Was Reviewed?

Your complete file, including any additional information you submitted, was reviewed in its entirety without deference to prior reviews.

### Who Reviewed Your Appeal?

-- Medha Bharadwaj, Appeals Specialist
-- Dr. Carol Foster, Board Certified Neurologist

Additionally our Vocational Rehabilitation department conducted a Transferable Skill Analysis taking into consideration your functional capacity, education, training and experience.

How was the Appeal Decision Reached?

To clarify your functionality, we referred your file for an independent medical review by a board certified Neurologist, Dr. Carol Foster. Dr. Foster reviewed all of the medical documentation contained in your claim file.

October 20, 2015
Page 3

After review of the entirety of the medical documentation contained in the file, our assessment is that restrictions precluding you from performing any occupation from July 06, 2015 and continuing are not supported by the medical evidence in file.

Dr. Foster opined that you do not require any medically necessary work activity restrictions from July 06, 2015 and continuing. Dr. Foster noted that you have complaints of sensory loss and painful tingling. Dr. Foster noted that the neurological records documented repeated normal neurological examinations, except for subjective sensory loss, as well as repeated normal EMG/NCV results in 2012 and 2013. Dr. Foster reviewed the Independent Medical Evaluation (IME) of June 01, 2015 and stated that the IME provided an adequate representation of your functionality from July 06, 2015 and continuing. The IME documented a normal neurological examination and referenced the lack of objective evidence of any neuropathy with neurophysiologic testing and/or neuroimaging.

Dr. Foster spoke to Dr. Adler on October 06, 2015. Dr. Adler stated that he had no further medical information to add beyond what was documented in medical records. Dr. Foster spoke to Dr. Miller on October 05, 2015. Dr. Miller referenced a skin biopsy that was said to document findings of neuropathy. However, when questioned, he could not provide any objective evidence of functional impairment found with any formal testing or from an occupational or rehabilitation consultation.

As outlined in your previous denial letter, on June 17, 2015 a Transferable Skills Analysis (TSA) was conducted to determine whether you were capable of performing the duties of any occupation. A TSA compiles information on your restrictions, limitations, education level, prior work history, and prior training to determine what occupations, if any you are capable of performing. The TSA verified that you are capable of performing the following occupation(s):

> Safety Engineer – D.O.T. Code #012.061-014
> Safety Manager – D.O.T. Code #012.167-058

Please note that the above occupations fall within the Sedentary and Light occupation category according to the Dictionary of Occupational Titles. Sedentary- Exerting up to 10 pounds of force occasionally or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are Sedentary if walking and standing are required only occasionally and all other Sedentary criteria are met.
Light- Exerting up to 20 pounds of force occasionally, or up to 10 pounds of force frequently, or a negligible amount of force constantly to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree: or (2) when it requires sitting most of the time but entails pushing or pulling of arm or leg controls: or (3) when the job requires working at a production rate pace entailing the constant pushing or pulling of material even though the weight of those material is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even through the amount of force exerted is negligible.
**How Was Your Social Security Award Considered in the Claim Decision?**

October 20, 2015
Page 4

We are aware that you have been awarded Social Security Disability Insurance (SSDI) benefits by the Social Security Administration (SSA), and have considered that fact in our claim review. The criteria used by the Social Security Administration (SSA) may differ from the requirements of the policy under which you are covered. We have confirmed that there is no new information in your SSA file. Under your Employer's LTD policy, consideration is given to your supported restrictions and limitations, along with your work experience, training and education. Based on this consideration, we have determined that you have transferable skills to other occupations.

<u>Summary</u>

Mr. Spencer, the policy provides that Life Insurance Company of North America would pay benefits only if you met the policy's requirements, including the definition of Disability. Disability is determined by medically supported limitations and restrictions which would preclude you from performing the duties of any occupation. We do not dispute you may have been somewhat limited or restricted due to your subsequent diagnoses and treatment as you were initially approved and paid Long Term Disability Benefits through July 05, 2015; however, an explanation of your functionality and how your functional capacity continuously prevented you from performing the material duties of your occupation from July 06, 2015 and continuing was not clinically supported. The presence of a condition, diagnosis or treatment does not necessarily equate to a presence of a disabling condition or decreased level of functionality. As such, we are affirming our previous decision of June 18, 2015 within the meaning and terms of your group Long Term Disability policy.

At this time your claim remains closed and no further benefits are payable.

<u>**What if You Do Not Agree with the Appeal Decision?**</u>

If you disagree with our determination and wish to have it reviewed, please follow the steps described below.

Based on the information provided by your Employer, your claim is governed by the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA).

A second appeal request is not required but will be accepted if you have different or additional information to submit. Here is how to submit a second appeal review.

- Submit your appeal letter to us within 180 days of your receipt of this letter.
- Your appeal letter should be sent to the Life Insurance Co of North America representative signing this letter to the address noted on the letterhead.
- Your appeal letter may include written comments as well as any new information you may have.
- You may also submit additional information. Additional information may include, but is not limited to: medical records from your doctor and/or hospital, test result reports, therapy notes, etc. These medical records should cover the period of July 06, 2015 through present.

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter.

October 20, 2015
Page 5

You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal. You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office or your State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the Policy. This determination has been made in good faith and without prejudice under the terms and conditions of the Policy, whether or not specifically mentioned herein.

Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits.

<u>Please be advised that the Policy under which you are insured states the following:</u>

**Legal Actions**
No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, has been furnished as required by the Policy. No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.

<u>Please be advised that the Policy under which you are insured states the following:</u>

**Time Limitations**
If any time limit stated in the Policy for giving notice of claim or proof of loss, or for bringing any action at law or in equity, is less than that permitted by the law of the state in which the Employee lives when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state.

Please contact our office at 800.352.0611 should you have any questions.

Sincerely,

*Medha*

Medha
Appeal Specialist

**EXHIBIT "C"**

PO Box 20002
Phoenix, AZ 85038-9221

Phone 800.352.0611 ext.8635574
Fax 866.472.3221

www.mycigna.com

**Cigna.**



Christopher Slusser
1620 North Church Street
Suite 1
HAZLETON, PA 18202

October 18, 2016

| | |
|---|---|
| **Name:** | Leroy Spencer |
| **Incident Number:** | 2862792-01 |
| **Policy Number:** | VDT-0980079 |
| **Policy Name:** | The Shaw Group, Inc. |
| **Underwriting Company:** | Life Insurance Co of North America |

Dear Mr Slusser:

This letter is about your client's appeal for his Long Term Disability (LTD) benefits under the above mentioned policy. We have separated this letter into subject headings for your ease of reference.

## What is the Outcome of the Appeal Review?

After completing our review of your client's claim, we must uphold our prior decision to deny his claim.

## What Provisions of the Disability Contract Apply to the Decision on Your Client's Appeal?

Definition of Disability/Disabled

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

*1 unable to perform the material duties of his or her Regular Occupation; and*

"Cigna" and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Life Insurance Company of North America, Connecticut General Life Insurance Company and Cigna Life Insurance Company of New York, and not by Cigna Corporation.

*2 unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular*

*Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

*1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*

*2. unable to earn 80% or more of his or her Indexed Earnings.*

*The Insurance Company will require proof of earnings and continued Disability."*

## What Information Was Reviewed?

Your client's complete file, including any additional information you submitted, was reviewed in its entirety without deference to prior reviews.

## Who Reviewed Your Client's Appeal?

-- Brandon C., Appeals Specialist

-- Maria De Jesus, M.D. (Neurology)

-- Jerald Cook, M.D. (Occupational Medicine)

## How was the Appeal Decision Reached?

To clarify your client's functionality, we referred his file for two independent medical reviews by the physicians referenced above. The physicians reviewed all of the medical documentation contained in the claim file.

October 11, 2017
Page 3

Dr. De Jesus opined that no restrictions were medically necessary. While there are subjective complaints of numbness and tingling, there are no objective findings that support the diagnosis of peripheral neuropathy, as the MRI dated 7/1/13 was unremarkable and EMG studies showed no evidence of peripheral neuropathy or any denervation changes.

Dr. Cook opined that restrictions were medically necessary. Mr. Spencer has uncontrolled diabetes with a verified small nerve fiber neuropathy in the bilateral lower extremities resulting in paresthesias in the soles of the feet. The skin distal to his knees is compromised by venous stasis and chronic dermatitis. He reports not being able to tolerate wearing his work boots, these findings sufficiently explain his discomfort. He should therefore wear comfortable walking shoes that are suitable for a general work environment, but would not be suitable for an industrial environment that requires heavy-duty footwear to protect the feet from accidental trauma or chemical exposure. His uncontrolled diabetes and need for insulin is also a concern as it creates an elevated risk of sudden incapacitation while working. He is also morbidly obese, and his weight would exceed the weight limits of many ladders. For safety reasons, he should not perform the safety sensitive functions (such as climbing ladders, working at heights, operating a forklift, operating a vehicle on roadways, and operating machinery) because of his increased risk of sudden incapacitation and the resulting risk of harm to self, coworkers, the public and equipment. His peripheral neuropathy also creates an increased risk of falling due to reduced sensation, so he should not walk stairs excessively, use ladders ever, or work at heights. He should also be precluded from working in high temperature areas since he would have impaired cooling mechanisms with his disabling diagnoses and obesity.

Based on the totality of the evidence provided, Mr. Spencer would be expected to be able to work 8 hours per day, 5 days per week, up to 40 hours per week within the following restrictions and limitations.

Lifting and carrying up to 50 pounds occasionally, up to 20 times a day

Lifting and carrying up to 25 pounds frequently, up to 40 times a day

Lifting and carrying up to 25 pounds of force constantly

Sitting for at least 4 hours per 8-hour day

Standing up to 30 minutes per hour, up to 4 hours total per 8-hour day

Walking up to 30 minutes per hour, up to 4hours total per 8-hour day

Climbing stairs frequently, single flight of stairs up to 40 times a day

Climbing ladders never

Kneeling occasionally

Crawling occasionally

Bending and stooping occasionally

Twisting occasionally

Pulling and pushing occasionally

Pulling and pushing of arm or leg controls occasionally

Simple grasping constantly

Fine manipulation (includes keyboarding) constantly

Reaching above shoulder occasionally, up to 20 times a day

Reaching at desk or bench level constantly

Repetitive motion involving the wrist constantly

Repetitive motion involving the elbow constantly

Working at heights never

Operating a forklift never

Driving a vehicle on roadways never

Operating machinery that may cause crush or amputation injuries never


To further understand how Mr. Spencer's functionality impacts his ability to perform any occupation, we requested a Transferable Skills Analysis. The results indicated that he could perform the following sedentary and light occupations; which include his previous occupation.


Safety Manager 012-167-058

Safety Engineer 012.061-014


We are aware that your client was awarded Social Security Disability benefits and this award has been considered in our review. We have confirmed with you that there is no missing information from Mr. Spencer's SSA file and therefore we have the most current information on file. The SSDI award is of lesser relevance to our determination because the criteria used by the Social Security Administration are different from the requirements of the policy under which your client is covered. Under your client's Employer's LTD policy, consideration is given to his supported restrictions and limitations, along with his work experience, training, and education. Based on this consideration, we have determined that your client has transferable skills to other occupations.

October 6, 2016
Page 5

The policy provides that Life Insurance Company of North America would pay benefits only if your client met the policy's requirements, including the definition of Disability. Disability is determined by medically supported limitations and restrictions which would preclude one from performing the duties of any occupation. We do not dispute your client may have been somewhat limited or restricted due to his subsequent diagnoses and treatment; however, an explanation of his functionality and how his functional capacity continuously prevented him from performing the material duties of any occupation was not clinically supported. The presence of a condition, diagnosis or treatment does not necessarily equate to a presence of a disabling condition or decreased level of functionality. As such, we are affirming our previous decision within the meaning and terms of the group Long Term Disability policy.

At this time your client's claim remains closed and no further benefits are payable.

<u>What If You Don't Agree With The Appeal Decision?</u>

At this point in time, your client has exhausted all administrative levels of appeal and no further appeals will be considered.

Your client has the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal.

Legal Actions

No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by the Insurance Company, has been furnished as required by the Policy. No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.

Time Limitations

If any time limit stated in the Policy for giving notice of claim or proof of loss, or for bringing any action at law or in equity, is less than that permitted by the law of the state in which the Employee lives when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please contact our office at 800.352.0611 should you have any questions.

Sincerely,

*Brandon*

**Brandon**
**Appeal Specialist**